IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01177-MSK-MEH

WELLS FARGO BANK, N.A.,

       Plaintiff,

v.

MARIE P. CAMPBELL,
DARNELL A. BROWN, and
Any and all other occupants claiming interest under the defendants,

       Defendants.

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court on the Defendants' Notice of Removal **(#1)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in state court, and asserts claims under Colorado law. The Defendants desire to assert either defenses or counterclaims under federal law. On that basis, they have removed this action and invoke 28 U.S.C. § 1443(1).

This Court has an independent obligation to examine the basis of its subject matter jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006). Generally, a case in which a plaintiff asserts claims only under state law cannot be removed to federal court, even if the defendant asserts a defense or counterclaim arising under federal law. *See Hunt v. Lamb,* 427 F.3d 725, 727 (10th Cir. 2005). The exception to this general rule is 28 U.S.C. § 1443, which allows a defendant to remove an action to federal court if there is a

violation of the right to racial equality which cannot be addressed in the state court. *Id.* The Supreme Court has established a two-part test for removals under § 1443: (1) it must appear that the defendant's right under federal law to racial equality was violated; and (2) it must appear that the defendant cannot enforce that right in the state court. *See Johnson v. Mississippi*, 421 U.S. 213 (1975) (cited by *People v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990)). It is not sufficient for a removal petitioner to simply cite to this statute. *See Lopez*, 919 F.2d at 132.

Here, the Defendants have cited to § 1443(1) in their notice of removal, but they have not alleged any facts – either in their Answer filed in the state court, or in their notice of removal – which suggest that § 1443(1) has any application to this case. The allegations in the Complaint also do not support removal under this statute.

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to remand this case to the Arapahoe County Court.

Dated this 9th day of June, 2008

                                            **BY THE COURT:**

*Marcia S. Krieger*

                                            Marcia S. Krieger
                                            United States District Judge